**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **KELLIE DEFRIES** | § § § | |
| Plaintiff, | § § | |
| *versus* | § § | Civil Action No. 3:22-cv-00549-G |
| **MSB TRADE INC.,** *et al*. | § § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**
**AND FOR DEFAULT JUDGMENT AGAINST DEFENDANT MSB TRADE, INC.**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff, KELLIE DEFRIES, moves for entry of default and for default judgment against Defendant MSB Trade Inc., *dba* Central Sales ("MSB") for all claims and states as follows:

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | SUMMARY | | 1 |
| II. | PROCEDURAL HISTORY | | 1 |
| | A. | Original Complaint of Patent Infringement | 1 |
| | B. | Default by Defendant MSB Trade Inc. | 1 |
| III. | BACKGROUND FACTS | | 2 |
| | A. | Plaintiff's Patents | 2 |
| | B. | Infringement by Defendant MSB Trade Inc. | 2 |
| | C. | Defendant MSB Trade Inc.'s Lack of Cooperation | 3 |
| IV. | ARGUMENT AND AUTHORITIES | | 3 |
| | A. | Default judgment is proper against Defendant MSB Trade Inc. | 3 |
| | B. | Plaintiff has properly pled patent infringement | 4 |
| | C. | This case merits award of treble damages | 5 |
| | D. | Alternatively, Plaintiff requests that this Court compel discovery of damages | 6 |
| | E. | This case merits attorney's fees and costs | 7 |
| V. | CONCLUSION | | 8 |

## TABLE OF AUTHORITIES

### CASES

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989) .......................................................... 7
*Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526 (8th Cir. 1973) ..................................................... 8
*Humana Inc. et al., v. Allcare Physcicians Group*, Civil Action No. 4:21-cv-0972-P (N.D. Tex. Nov. 12, 2021) .............. 4
*Key Bank v. Tablecloth Textile Corp.*, 74 F.3d 349 (1st Cir. 1996) .................................................................. 2
*Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001) ............................................................................................... 4
*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) .............................. 5
*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975) ................................................. 4
*Octane Fitness, LLC v. Icon Health Fitness, Inc.*, 134 S. Ct. 1749 (2014) .................................................... 9
*Read Corp. v. Portec Inc.*, 970 F.2d 816 (Fed. Cir. 1992) ............................................................................. 7
*Sap America Inc., v. Investpic, LLC.*, Civil Action No. 3:16-CV-02689-K (N.D. Tex. Feb. 21, 2018) (J. E. Kinkeade) \s .... 8
*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Cir. 2014) ............................................................................. 9
*United States v. Shipco Gen., Inc.*, 814 F.2d 1011 (5th Cir. 1987) ................................................................ 6
*Wells Fargo Bank v. George E. Dixon*, Civil Action No. 3:20-CV-00745-X (N.D Tex. Jan. 12, 2021) (J. Starr) ................. 4
Wright v. E-Systems, LLC., Civil No. 3:12-CV-4715-K-BK (N.D. Tex. Dec. 20, 2016) (J. R. Toliver) ................................ 7

### STATUTES

35 U.S.C. § 271 ........................................................................................................................................ 1

35 U.S.C. § 281 ........................................................................................................................................ 4

35 U.S.C. § 283 ........................................................................................................................................ 5

35 U.S.C. § 284 ........................................................................................................................................ 5

35 U.S.C. § 285 ........................................................................................................................................ 7

### RULES

**Fed. R. Civ. P. 5(2).** ................................................................................................................................. 9
Fed. R. Civ. P. 55(a) ............................................................................................................................. 1, 2, 3
**L.R. 7.1(b),** ............................................................................................................................................. 9

# I. SUMMARY

**(1)** Defendant MSB Trade Inc., dba Central Sales has defaulted. Defendant has failed to defend itself.

**(2)** Defendant MSB Trade Inc., has not cooperated to provide records necessary to assess damages.

**(3)** Default judgment is proper and enhanced damages for infringement is appropriate in light of the known facts in this case.

# II. PROCEDURAL HISTORY

**A. Original Complaint of Patent Infringement**

1. This is a patent infringement case wherein Plaintiff has filed statutory claims for patent infringement pursuant to 35 U.S.C. § 271. *See* Dkt. 1.

2. Plaintiff has specifically pled: (1) that Plaintiff is the current and exclusive owner and assignee of all right, title, and interest in and to U.S. Patent No. 10/308,005, D867,837, D867,839, 10/675,853, and 10/967,625; and (2) that Defendant directly infringed upon the above referenced patents—by making, using, selling, offering for sale, and/or importing into the United States, without authority, products, methods performed by and/or attributable to equipment, and or services that practice one or more claims of the above referenced patents. *Compare* Dkt. 1 ¶¶ 22, 30, 38, 46, *and* 54 *with* Dkt. 1 ¶¶ 24, 32, 40, 48, *and* 56.

3. Plaintiff filed her Original Complaint on 03/08/2022. Dkt. 1.

**B. Default by Defendant MSB Trade Inc.**

4. Plaintiff served Defendant MSB Trade Inc., on March 11, 2022 and by April 1, 2022 Defendant MSB Trade Inc., had defaulted. *See* Dkt. 1.

5. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff presents this motion for entry of default and a default judgment.

6. Defendant MSB Trade Inc., has failed to correct its default.

7. Because Defendant MSB Trade Inc., did not file a responsive pleading or otherwise defend the suit, it is not entitled to notice of default. Fed. R. Civ. P. 55(a); *Key Bank v. Tablecloth Textile Corp.*, 74 F.3d 349 (1st Cir. 1996).

### III. BACKGROUND FACTS

**A. Plaintiff's Patents**

8. Plaintiff owns the following registered federal patents:

    a. **Patent No.:** US 10,308,005 B2
        **Date of Patent**: June. 4, 2019

    b. **Patent No.:** US 10,675,852 B2
        **Date of Patent:** June. 9, 2020

    c. **Patent No.:** US 10,967,625 B2
        **Date of Patent:** April 6, 2021

    d. **Patent No.:** D867,838 S
        **Date of Patent:** November 26, 2019

    e. **Patent No.:** D867,839 S
        **Date of Patent:** November 26, 2019

Dkt. 7, 1-41.

**B. Infringement by Defendant MSB Trade Inc.**

9. Defendant MSB Trade Inc., currently sells infringing products through at least Amazon. Dkt. 1, 20(a);

10. Defendant MSB Trade Inc., an artificial entity, is neither a minor, incompetent, nor in the military service.

*11.* Upon information and belief, Defendant MSB Trade Inc., currently sells approximately 46 infringing units per month for approximately $872.62 via Amazon ASIN No. B08B37BVLC. *Id.*

12. Upon information and belief, Defendant MSB Trade Inc., has been selling infringing units in Texas since approximately June 2020. *Id.*

13. This information, without considering other venders (Ebay, Walmart, Alibaba, Target, etc,) or states, paints an alarming picture.

14. A simple mathematical calculation shows that the actions of Defendant MSB Trade Inc., have cost the Plaintiff over $883,000.00 in lost goodwill and lost profits in Texas alone.

C. **Defendant MSB Trade Inc.'s Lack of Cooperation**

15. Despite being an American entity with listed offices at 1 Central Sales Way, Highland Mills NY, 10930 US, and despite service, Defendant MSB Trade Inc., has not answered or otherwise defended this suit. Compare docket and lack of any entries by Defendant.

16. Rather, Defendant MSB Trade Inc.'s., entire lack of response and correspondence without any reasonable justification establishes its intent to cooperate as little as possible in this dispute. See generally docket.

17. Without Defendant MSB Trade Inc.'s cooperation to determine the volume of infringing units sold, Plaintiff is unable to specifically quantify its damages.

IV. **ARGUMENT AND AUTHORITIES**

A. **Default judgment is proper against Defendant MSB Trade Inc.**

*18.* Under Rule 55(b)(2)

> "a party may apply for the court to enter a default judgment, and the 'court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

*Wells Fargo Bank v. George E. Dixon*, Civil Action No. 3:20-CV-00745-X at *2 (N.D Tex. Jan. 12, 2021) (J. Starr) (*quoting* Fed. R. Civ. P. 55(b)(2)).

19. "A default judgment is a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Therefore "there must be a sufficient basis in the pleadings for the judgment entered." *Humana Inc. et al., v. Allcare Physcicians Group*, Civil Action No. 4:21-cv-0972-P at *1 (N.D. Tex. Nov. 12, 2021) (*quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true. *Id.*

20. Here, Defendant MSB Trade Inc., has never filed an answer or responsive pleading. *See* generally docket.

21. Therefore, because Defendant MSB Trade Inc., has failed to plead or otherwise defend, this Court may (1) enter default against Defendant MSB Trade Inc., (2) accept all well-pleaded facts in the complaint as true; (3) and award Plaintiff the relief she seeks. Humana 1-3.

**B. Plaintiff has properly pled patent infringement**

22. Title 35 allows a "patentee" to bring a civil action for patent infringement. 35 U.S.C. § 281. A patentee is one with "all rights or substantial rights" in a patent. *Integrity Worldwife Inc. v. Rapid-EPS LTD., et al.*, 3:17-CV-00055 (N.D. Tex. Jul. 22, 2021)(*quoting Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019)).

23. A patentee can sue for patent infringement in its own name. Id.

24. Plaintiff is the legal owner of the asserted patents that Defendant MSB Trade Inc., has infringed. Dkt. 1 ¶¶ 22, 30, 38, 46, 54.

25. Plaintiff took additional care to demonstrate through blow-up details and claim descriptions the infringement of Defendant MSB Trade Inc. Dkt. 1 ¶¶ 19, 45, 47, 49, 50, 51.

26. Plaintiff therefore submits that these allegations are well pled and adequately assert claims for patent infringement. Accordingly, Plaintiff's motion for default judgment on these claims should be granted.

C.   **This case merits award of treble damages**

27. In patent actions, upon a finding in Plaintiff's favor, the court must award damages that are adequate to compensate for the infringement as well as interest and costs as fixed by the court. 35 U.S.C. § 284. The court may increase the damages up to three times the amount found or assessed. Id. The court may also grant an injunction to prevent the violation of any right secured by patent on terms that the court deems reasonable. 35 U.S.C. § 283.

28. Defendant MSB has willfully and deliberately ignored Plaintiff's service.

29. Upon information and belief, Defendant MSB has willfully and deliberately continued to sell infringing products after notice of the pending suit.

30. Upon information and belief Defendant MSB Trade Inc., has been selling at least 46 infringing units per month through Amazon in the State of Texas for a price of $872.62 since June 2020. Dkt. 1, 20(a).

31. It is the Court's task to fix the amount of damages following the entry of a default judgment. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

32. Plaintiff has suffered an amount of damages in excess of $800,000 due to Defendant MSB Trade Inc.'s sales of infringing units through Amazon. Defendant MSB Trade Inc., has refused to cooperate or engage in this suit and a more accurate calculation of damages is not feasible.

33. This loss calculation only considers infringing units sold through Amazon and in Texas.

34. Some of the factors to consider in deciding whether enhanced damages are warranted and the extent of the enhancement include the following: whether the infringer deliberately copied the design of another, the infringer's behavior during the litigation, the infringer's size and financial condition, the duration of the infringer's misconduct, any remedial

action taken by the infringer, and whether the infringer attempted to conceal its misconduct. *Wright v. E-Systems, LLC.*, Civil No. 3:12-CV-4715-K-BK at *9 (N.D. Tex. Dec. 20, 2016) (J. R. Toliver) (*citing Read Corp. v. Portec Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992)).

35. In the instant case, Defendant MSB Trade Inc., has been making significant and large sales of infringing units every month. Furthermore, Defendant MSB Trade Inc., continuously sold the infringing unit through Amazon at least as early as June 2020. Defendant MSB Trade Inc. deliberately and continuously infringed upon Plaintiff's patent and has taken no remedial action. Plaintiff has been forced to initiate this lawsuit, and Defendant MSB Trade Inc., flaunts their infringement by failing to participate.

36. Defendant MSB Trade Inc.'s refusal to participate while being domiciled in the US and having no excuses is indicative of their willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant infringement that enhanced damages were designed for. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146 (1989).

37. Thus, an enhanced damage award of $2,649,274.32 is appropriate (treble damages).

D. **Alternatively, Plaintiff requests that this Court compel discovery of damages**

38. Alternatively, Plaintiff incorporates by reference all discussion and submits to this Court that Defendant has likely damaged Plaintiff beyond what she believes.

39. Upon entry of default, Defendant's liability will be established. A defendant in default cannot contest the merits of the plaintiff's right to recover. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

40. Plaintiff therefore respectfully requests that the Court permit discovery in order to determine damages and collect evidence to support a permanent injunction.

E.   **This case merits attorney's fees and costs**

41.   A district court may find that a patent case is exceptional and award attorney fees to a prevailing party. *Sap America Inc., v. Investpic, LLC.*, Civil Action No. 3:16-CV-02689-K at *1 (N.D. Tex. Feb. 21, 2018) (J. E. Kinkeade) (*citing* 35 U.S.C. § 285).

42.   A case is exceptional if it stands out from other cases with respect to the substantive strength of a party's litigating position considering both the governing law and the facts of the case or if the case stands out in the unreasonable manner in which the case was litigated. *Sap America* Civil Action No. 3:16-CV-02689-K at *1 (*citing Octane Fitness, LLC v. Icon Health Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)).

43.   This case stands out from others with respect to the substantive strength of Plaintiff's position. There is no doubt that the patents at issue have been duly issued by the USPTO. The validity of the claims is thus assumed. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 720 (Cir. 2014). Furthermore, Plaintiff provided detailed depictions of the patents, and descriptions of infringement in her complaint. Defendant MSB Trade Inc., refusal to participate in this suit demonstrates the strength of Plaintiff's position. *See* Appendix A, Affidavit in Support of Default.

44.   Defendant MSB Trade Inc. has done nothing to defend itself in this dispute, has defaulted on all deadlines, and refuses to participate in this suit. Defendant MSB Trade Inc., has not litigated this case in a reasonable manner.

45.   Thus, when considering the totality of the circumstances, this case is exceptional.

46.   Plaintiff therefore requests that this Court award its attorney's fees, reasonably calculated at $12,201.87 pursuant to the "Lodestar" test. *See* Appendix B, Affidavit of Fees.

## V.  CONCLUSION

WHEREFORE, Plaintiff expressly requests that the Clerk of this Honorable Court enter an entry of default against Defendant MSB Trade Inc.

WHEREFORE, that after entering an entry of default against Defendant MSB Trade Inc., this Court awards Default Judgment pursuant to this motion against Defendant MSB Trade Inc., for being in default and failing to defend itself against Plaintiff's claims. Because Defendant has willfully infringed, failed to cooperate, and otherwise acted unreasonably during litigation of this suit, this Court should award enhanced damages of no less than $2,649,274.32 and attorney's fees of $12,201.87.

Dated this May 04, 2022

Respectfully Submitted,
By: */Omar F. Darwich/*

**The Darwich Law Firm**
Omar F. Darwich
State Bar No. 24124686
300 Weatherstone Dr. #190
Wadsworth, OH 44281
330-333-0773
omar@darwichlegal.com

And

**Leavitt Eldredge Law Firm**
Brandon James Leavitt
State Bar No. 24078841
4204 SW Green Oaks Blvd. Suite 140
Arlington, TX 76107
214-727-2055
brandon@uslawpros.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

On May 4, 2022, I attempted to confer with representatives of Defendant MSB Trade Inc., however, after a good faith effort, direct contact was unable to made. I was able to connect with a secretary who, on behalf of Defendant MSB Trade Inc., informed me that no information would be released (including names, addresses, emails, etc.) Defendant has made no effort to defend himself through counsel or pro se.  Pursuant to L.R. 7.1(b), this motion and the relief requested herein should be presumed to be opposed by Defendant.

*/s/ Omar F. Darwich/*

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On May 4, 2022, I filed PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT AGAINST DEFENDANT MSB TRADE, INC., with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that the document was also served on Defendant MSB Trade Inc., through mail but that no service is required on a party who is in default for failing to appear. Fed. R. Civ. P. 5(2).

*/s/ Omar F. Darwich/*

**ATTORNEY FOR PLAINTIFF**