| | | |
|---|---|---|
| **Kellie DeFries** § | | |
| § | | |
| Plaintiff § | | |
| § | **Civil Action No. 3:22-cv-00549-G** | |
| *versus* § | | |
| § | | |
| **MSB Trade Inc.** *et. al.* § | | |
| § | **Jury Demand** | |
| Defendants § | | |
| § | | |

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff **Kellie DeFries** hereby moves to dismiss all claims against the following defendants (the "Defendants") with prejudice, with each party to bear its own attorneys' fees and costs:

- JRUI TECH;
- LABAIDER DIRECT -CAP TOP TINZ;
- HIMO DIRECT;
- SHENZHEN BAISITE NETWORK TECHNOLOGY CO., LTD, aka huangbeibei-Bysiter;
- SHENZHEN XIRUIYA TECHNOLOGY, INC., aka Libby's Store;
- SHENSZHEN JINGDU NETWORK TECHNOLOGY CO., LTD.;
- CHAN WEI/AFANTTI US;
- ORISICE/GREAT-POINTS STORE;
- QIAOCRYSTAL/SHINY CRYSTAL;
- HONOSON; and
- TATUO US.

### I. PROCEDURAL POSTURE

1. On May 6, 2024, Plaintiff filed a Status Report and Certificate of Compliance and requested entry of default for numerous defendants. ECF 108.

2. On May 7, 2024, the Clerk of Court entered default for the requested defendants. ECF 110.

3. The Defendants listed above are in default but have settled with the Plaintiff, who now moves to dismiss the Defendants with prejudice.

4. If the present motion is granted, Stacy Ingram/SEI Boutique will be the only entity left in the lawsuit who has been served and filed a responsive pleading. ECF 108 ¶ 6(c).

## II. ARGUMENT AND AUTHORITIES

5. "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

6. "[F]aced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

7. "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012).

8. "The primary purpose of [Fed. R. Civ. P. 41(a)(2)] is to avoid voluntary dismissals which unfairly affect the other side. *Id.* (internal quotations and citations omitted).

9. "If the court concludes that the nonmovant would not suffer plain legal prejudice, the district court should generally grant the dismissal." *Horton v. Tex. Fed'n for Child. PAC, Inc.*, 2024 U.S. Dist. LEXIS 73487, *4.

### A. Plaintiff's motion is early stage and will not cause plain legal prejudice.

10. The present motion is not "late stage," nor does it seek to "avoid an imminent adverse ruling in the case" because a scheduling order has not been issued and the lawsuit is still in the early stages. *Cf. Harris*, 500 Fed. Appx. at 268.

11. Very few defendants have answered the lawsuit, and most of the defendants who have answered have been dismissed or are named in the present motion.

12. Additionally, none of the appearing parties have exchanged fact discovery, and the court has not set a deadline for discovery to conclude.

13. Therefore, the timing of this motion will not cause any prejudice to the parties in this motion or the remaining defendants.

### B. Plaintiff will not refile suit against the Defendants.

14. The Defendants will not be deprived of a "limitations defense" because the requested dismissal is with prejudice, and Plaintiff will be prohibited from relitigating these issues if the present motion is granted. *Cf. Harris*, 500 Fed. Appx. at 268

15. Additionally, the Defendants have settled with the Plaintiff, and there is no longer a dispute between the parties.

16. Accordingly, if the present motion is granted, Plaintiff cannot and will not relitigate the issues herein.

### C. The defendants will be prejudiced if not dismissed.

17. Here, dismissing the Defendants is in the interest of judicial efficiency and economy.

18. The parties have settled outside of court, and there is no longer a dispute or controversy.

19. Further, dismissing the Defendants will reduce the number of parties in the suit and allow the court and the remaining parties to narrow the issues and limit expenses moving forward.

### III. CONCLUSION

20. Plaintiff's motion is in the early stages and will not cause plain legal prejudice.

21. Plaintiff will not and cannot refile suit against the Defendants if the present motion is granted.

22. Dismissing the Defendants will promote judicial efficiency and economy.

Respectfully Submitted: May 16, 2024

Leavitt Eldredge Law Firm

/Brandon J. Leavitt/
Brandon James Leavitt
Tx Bar No. 24078841

4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107

(214) 727-2055
brandon@uslawpros.com
**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

By my signature above I hereby certify that a true and correct copy of the above document has been forwarded to all counsel of record via the Court's electronic filing system.