IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE DEFRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00549-M |
| | § | |
| MSB TRADE INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Requests for the Clerk of Court to enter default judgment. ECF Nos. 113, 117. By **July 22, 2024,** Plaintiff shall address the deficiencies identified herein. An evidentiary hearing on Plaintiff's claimed damages is **SET** for **July 24, 2024, 1:30 p.m. CST**, in Courtroom 1570, Earle Cabell Federal Building, 1100 Commerce St., Dallas, Texas.

**I.   Background**

Plaintiff is the named inventor on five asserted patents: three utility patents[1] and two design patents.[2] Plaintiff alleges that the asserted patents protect her invention, a double-ended tool for picking up and placing crystals, gems, and rhinestones, which "generally appears in US commerce" as follows:



---

[1] Specifically, U.S. Patent Nos. 10,308,005 ("'005 patent"), 10,675,852 ("'852 patent"), and 10,967,625 ("'625 patent").
[2] Specifically, U.S. Patent Nos. D867,838 ("'838 patent"), and D867,839 ("'839 patent").

1

ECF No. 34 ("FAC") ¶¶ 26–27.

On March 3, 2023, Plaintiff filed the First Amended Complaint, asserting infringement of claims 1, 9–11 of the '005 patent, claim 1 of the '852 patent, claim 1 of the '625 patent, claim 1 of the '838 patent, and claim 1 of the '839 patent (collectively, the "asserted claims"). The First Amended Complaint names 285 Defendants, US-based sellers on and off Amazon, and Chinese entities selling on Amazon.[3] Plaintiff alleges that Defendants sell counterfeit versions of her product, and in doing so, infringe the asserted claims.

Several Defendants have been dismissed. On May 6, 2024, Plaintiff requested a Clerk's entry of default for 158 Defendants, which was entered the next day. ECF Nos. 109, 110. On May 16, 2024, Plaintiff filed a Request for Clerk's Entry of Default Judgment as to 33 of those defaulting Defendants; default judgment has not been entered. ECF No. 113. On June 20, 2024, Plaintiff requested a Clerk's entry of default and default judgment for Defendant SEI Boutique, LLC. ECF Nos. 116, 117. The Clerk of Court entered default as to Defendant SEI Boutique, LLC, but has not entered default judgment. ECF No. 118. For purposes of this Order, the Court will refer to the 34 Defendants that Plaintiff seeks entry of default judgment for as the "34 Defaulting Defendants."

## II.    Legal Standard

Federal Rule of Civil Procedure 55 provides for entry of a default and default judgment when a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend. Fed. R. Civ. P 55(a). "Default judgment is proper only if the well-pleaded factual allegations in the . . . Complaint establish a valid cause of action." *United States v. 1998*

---

[3] Specifically, the First Amended Complaint names 13 domestic Defendants using Amazon.com, 2 domestic Defendants not using Amazon.com, 208 foreign Amazon Defendants with email addresses, 38 foreign Amazon Defendants without email addresses, 5 foreign Defendants not using Amazon.com, and 19 "John Doe" Defendants using Amazon.com, but known only through their ASIN number.

*Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381 (W.D. Tex. 2008); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment."). After the clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F. 2d 1011, 1014 (5th Cir. 1987).

If the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation," the Clerk of Court may enter default judgment. Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must move the Court for default judgment. Fed. R. Civ. P. 55(b)(2).

In considering a motion for default judgment, the Court will consider (1) whether the entry of default judgment is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit employs the factors in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), when considering whether entry of default judgment is procedurally warranted: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.*

### III. Analysis

#### a. Entry of default judgment by the Clerk of Court is not appropriate.

Plaintiffs have requested that the Clerk of Court enter default judgment against the 34 Defaulting Defendants at issue,[4] rather than the Court, asserting that Plaintiff's requested relief is

---

[4] Specifically, the 34 Defaulting Defendants consist of Defendant SEI Boutique, LLC, and the 33 Defendants identified in Plaintiff's May 6, 2024, Request.

for a "sum certain."  Specifically, Plaintiff contends that she is entitled to lost profit damages and pre-judgment interest based on "the sum certain total sales of infringing products within the Amazon.com platform by the . . . Defendants in default."  ECF Nos. 113-1 ¶ 5; 117-1 ¶ 5.  In support of her request for lost profit damages, Plaintiff provides two affidavits.  In each, she describes how her business, Crystal Ninja, sells "products subject to the claims of my patents," and as part of that business, Plaintiff monitors online platforms for potentially infringing activities.  ECF Nos. 113-1 ¶ 3; 117-1 ¶ 3.  For the Amazon.com platform, Plaintiff's company "retains the use of a third-party specialist who provides quarterly sales reports for each identified infringer."  *Id.*  From these records, Plaintiff computed "the sum certain total sales of infringing products within the Amazon.com platform by" the Defendants named in Plaintiff's requests for entry of default judgment.  ECF Nos. 113-1 ¶ 5; 117-1 ¶ 5.  Plaintiff's affidavits further state that "[b]ecause I am the sole patent owner and sole owner of Crystal Ninja, any unauthorized sales of my patented products by any other entity are lost sales to my company and consequently lost profits to me."  ECF Nos. 113-1 ¶ 6; 117-1 ¶ 6.  As a result, Plaintiff seeks $97,611.23 in alleged lost profits from Defendant SEI Boutique, LLC (ECF No. 117-1 ¶ 5) and $865,635.81 in alleged lost profits from the other 33 Defendants at issue (ECF No. 113-1 ¶ 5).[5]

The Court concludes that Plaintiff's requested lost profits for patent infringement do not constitute a sum certain, and thus an entry of default judgment by the Clerk under Rule 55(b)(1) is not appropriate.  Generally, damages are for a "sum certain" if they involve claims similar to "actions on [a] life insurance policy, for return of deposit, for statutory damages, lost earnings,

---

[5] Specifically, Plaintiff's affidavit for the 33 Defendants contains a table listing each Defendant and an associated "total sales amount," the total of which is purportedly $865,635.81.  ECF No. 113-1 ¶ 5.  Confusingly, Plaintiff's Request for Clerk's Entry of Default contains the same table, listing the same Defendants and same associated "total sales amount," but computes the total amount as being $760,249.18.  ECF No. 113 ¶ 6.  In addition, several of the Defendants—namely, Defendant nanjingzongwei-zhongweiqiche and Defendant orgry us tech—are listed with total sales amounts of "$0.00."

paid medical expenses." *Nagy v. George*, 2007 WL 9717320, at *2 (N.D. Tex. July 3, 2007). "Amounts based upon opinions and judgments, whether or not professional, are most likely not to result in a sum certain." *United States v. Aguirre*, 1986 WL 13935, at *2 (S.D. Tex. Dec. 8, 1986).

In infringement cases, whether a patentee may be awarded lost profits is a question of law. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1024 (Fed. Cir. 2006). "A lost profits award is appropriate only if the patent owner can prove there was a reasonable probability that 'but for' the infringement, it would have made the infringer's sales." *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1551 (Fed. Cir. 1994). Such entitlement to lost profits can be established through the *Panduit* test, which evaluates (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)). "[A] patentee is not entitled to lost profits if the patentee fails to establish any of the above requirements." *SmithKline Diagnostics, Inc. v. Helena Lab'ys Corp.*, 926 F.2d 1161, 1165 (Fed. Cir. 1991).

In addition, a patentee is only entitled to recover lost *profits*, not lost revenues. *E.g.*, *Glaxo Group Ltd. v. Ranbaxy Pharmaceuticals, Inc.*, 262 F.3d 1333, 1339 (Fed. Cir. 2001) ("[P]atent damages are not paid for a total amount of lost sales."). Thus, patentees seeking lost profits must provide evidence establishing incremental profit made from sale of the patented product. *See, e.g.*, *Info-Hold, Inc. v. Muzak LLC*, 2013 WL 940393, *1–3 (S.D. Ohio 2013) (patentee not entitled to recover lost profits where patentee produced no evidence of its gross and net profit margins on its products); *Beckson Marine, Inc. v. NFM, Inc.*, 2007 WL 951706, at *2 (W.D. Wash. Mar. 27, 2007) ("The measure of lost profits is the difference between the patent

owner's cost of production and the price at which the patent owner would have sold the product."). In addition, the proper measure of damages is the patentee's lost profits and not a disgorgement of the infringer's profits via an accounting.[6] *See Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 672 (Fed. Cir. 1988).

Both the entitlement to and calculation of lost profits involve the weighing of evidence and consideration of various issues, including the relevant market, manufacturing capability, and the calculation of marginal profit per sale. As a result, lost profits damages do not resemble the types of cases that typically involve sum certain damages, and thus Plaintiff's request for lost profits is not eligible for entry of default judgment by the Clerk of Court. *See, e.g.*, *Tiger Team Techs., Inc. v. Synesi Grp., Inc.*, 371 F. App'x 90, 93 (Fed. Cir. 2010) (agreeing with the district court that a "sum certain" under Rule 55(b)(1) "does not refer to a mere claim by a party for a specific amount, such as a multimillion dollar claim for damages").

Instead, the Court construes Plaintiff's request for Clerk's entry of default judgment under Rule 55(b)(1) as a request that the Court enter default judgment under Rule 55(b)(2).[7] By **July 22, 2024**, Plaintiff will supplement her request for entry of default judgment under Rule 55(b)(2), including to address the legal basis for her entitlement to lost profits under the *Panduit* factors and a discussion of the relevant market. On **July 24, 2024**, **at 1:30 p.m.,** the Court will hear evidence on all of Plaintiff's claimed damages, including Plaintiff's profit margins, the

---

[6] Under 35 U.S.C. § 289, a patentee may elect to recover an accused infringer's profits—*i.e.*, disgorgement—under § 289 for design patent infringement. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," and thus Plaintiff is limited to the relief sought in her pleadings. *See* Fed. R. Civ. P. 54(c). Plaintiff did not seek an award under § 289 in the First Amended Complaint, and thus cannot now seek disgorgement of Defendant's profits as damages.

[7] The Court notes that Plaintiff's requests state that "[f]or the purposes of this request for the Clerk of Court to enter default judgment only, Plaintiff waives all equitable forms of relief and any other forms of relief that are not calculable or would otherwise require a hearing before the Court." ECF No. 113-1 ¶ 2; ECF No. 117-1 ¶ 2. Because Plaintiff limited her waiver solely to her request for the Clerk of Court to enter default judgment, the Court does not construe her waiver as extending to the Court's decision to interpret her request under Rule 55(b)(2).

means by which Defendant's sales were monitored, and the calculation of total sales per Defendant.

### b. Other Deficiencies

After a defendant has defaulted, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating that the defendant, by defaulting, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

In the First Amended Complaint, Plaintiff identifies accused products by way of an "ASIN," which is an Amazon-specific unique identifier; each product sold on Amazon has a unique ASIN assigned to it. FAC ¶ 42. To allege infringement, as an example, she points to the product sold under ASIN B079GQR1SS, and alleges that "[e]ven a casual observer from the ASIN B079GQR1SS listing can note that it infringes Plaintiffs' patents-in-suit as follows:

| Patent-in-suit | Infringed Claim | Infringement Type | Confirmation method |
|---|---|---|---|
| '005 | Claim 1 | Literal | Online visual inspection and purchase |
| '005 | Claim 9 | Literal | Online visual inspection and purchase |
| '005 | Claim 10 | Literal | Online visual inspection and purchase |
| '005 | Claim 11 | Literal | Online visual inspection and purchase |
| '838 | Claim 1 | Literal | Online visual inspection and purchase |
| '839 | Claim 1 | Literal | Online visual inspection and purchase |
| '852 | Claim 1 | Equivalent | Assumed, pending add'l discovery |
| '625 | Claim 1 | Literal | Online visual inspection and purchase |

*Id.* ¶¶ 39–40.

She contends that, prior to suit, she conducted an "identical analysis on all accused ASINs, concluding literal infringement, as shown *supra*, by visually inspecting the images listed

at each of the following URLs and further purchasing a product from each such URL to be shipped to this jurisdiction for further in-person inspection":

| ASIN | Amazon Page and Image address |
|---|---|
| B00KTRG9R2 | https://www.amazon.com/dp/B00KTRG9R2<br>https://m.media-amazon.com/images/I/311CKTiB4OL.jpg |
| B076M1F81T | https://www.amazon.com/dp/B076M1F81T<br>https://m.media-amazon.com/images/I/513PY4uegnL._SL1100_.jpg |
| B07796TC9F | https://www.amazon.com/dp/B07796TC9F<br>https://m.media-amazon.com/images/I/513O1MNztSL._SX679_.jpg |
| B077GNC8FT | https://www.amazon.com/dp/B077GNC8FT<br>https://m.media-amazon.com/images/I/71xo6HtJhsS._SX679_.jpg |
| B077RT9DXL | https://www.amazon.com/dp/B077RT9DXL<br>https://m.media-amazon.com/images/I/61vvU4axpvL._SX679_.jpg |

*Id.* ¶ 42.[8]

The First Amended Complaint further includes a table connecting each Defendant—including the 34 Defaulting Defendants—with one or more ASINs they are allegedly selling. *Id.* ¶ 43.

The Court finds that, at this juncture, it is unable to determine whether there is a sufficient basis in the pleadings for the default judgment requested, at least as to Plaintiff's allegations of infringement of the '852 utility patent, and '838 and '839 design patents. Claim 1 of the '852 patent, the only asserted claim, is a method claim directed to "[a] method for making a tool." '852 patent, cl. 1. "[M]ethod claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" *Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314 (Fed. Cir. 2020) (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). The First Amended Complaint does not plausibly allege that each of the 34 Defaulting Defendants performed the method claimed in claim 1 of the '852 patent.[9] For

---

[8] This screenshot is an excerpt of the table listing ASINs in ¶ 42 of the First Amended Complaint; the table goes on for several pages.

[9] On the contrary, the First Amended Complaint appears to concede as much, alleging instead that infringement is "assumed," and that Plaintiff confirmed infringement of all claims "except the manufacturing method, which Plaintiff presumes." FAC ¶ 41. Such allegations are insufficient to plausibly state a claim for direct infringement of a method claim.

instance, there are no allegations that a visual inspection of the accused devices confirmed the method by which they were manufactured, or that each Defendant both manufactures and distributes the accused devices.

Regarding the design patents, the test for infringement of a design patent under 35 U.S.C. § 289 is the ordinary observer test, which states "if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc) (adopting the ordinary observer test as the sole test for infringement of design patents).

As described above, the First Amended Complaint describes that Plaintiff "visually inspect[ed] the images listed" at URLs associated with the ASIN, and "purchasing a product from each URL" for further in-person inspection. FAC ¶ 42. However, it appears that none of the URLs listed in ¶ 42 of the First Amended Complaint lead anywhere, let alone to a functioning website displaying or offering for sale a product that appears to possibly infringe the asserted claims. Instead, each URL goes to a website stating "sorry, we couldn't find that page," and a link back to Amazon.com's home page.

As a result, it impossible to determine at this juncture whether the First Amended Complaint plausibly states a claim for relief for infringement, *i.e.*, whether the listed URLs previously pointed to legitimate websites with accused devices that could be inspected and purchased, or not. Moreover, absent the Court being able to visually inspect the images of the accused products relied on by the Plaintiff in her allegations, it is impossible to determine whether Plaintiff's claims of design patent infringement are plausible under the "ordinary

observer" test. *See, e.g.*, *SCG Characters LLC v. Telebrands Corp.*, 2015 WL 4624200, at *5 (C.D. Cal. Aug. 3, 2015) (dismissing design patent infringement claims on the pleadings where "[t]he accused designs share[d] essentially no similarities with the . . . patented designs").

By **July 22, 2024,** Plaintiff shall address the deficiencies identified herein.

### c. Remaining Defendants

Although Plaintiff requested, and received, entry of default as to a total of 159 Defendants, Plaintiff has requested default judgment only as to 34 Defendants. By **July 22, 2024**, Plaintiff shall report on the status of the remaining 125 Defendants with default entered against them, and if Plaintiff does not intend to seek entry of default judgment against them, explain why the Court should not dismiss her claims against them for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's requests for Clerk's entry of default judgment under Rule 55(b)(1) as requests for the Court to enter default judgment under Rule 55(b)(2); as construed, the Court **CARRIES** Plaintiff's requests. By **July 22, 2024**, the Plaintiff shall supplement her requests as identified in this Order.

**SO ORDERED**.

July 12, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

10