IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLIE DEFRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00549-M |
| | § | |
| MSB TRADE INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 122. Plaintiff seeks entry of default judgment against Defendants alyer, annbay ltd, aoshang, audab store, barney/skd-us, beautychen, deskoti, enzo-missdeer-us, gao yongxue-yongusuus, gu bingding-eyxformula, honoson, jackshen-mooerca us, jinhua cao-ztl fashion, lisihua-jiasheng direct, magic c-moibase gel polish, njqianrou-nanjingqianroubuliaoyouxiangongsi, qiaocrystal-shiny crystal, subay-subay direct, tangsanyuan ba, tatuo us, tianping liu-biutee store, tianshui wang-over the hills, xin huang-angnya nails, xinqitong, xiulin dai-yokilly beauty, xushujun-kang yue trading, yao angela-honey joy beauty & health, zhang zhaoqin-juanzhizong, zhouyanghao, zhujunjie-hzsbass store (collectively, "Defaulting Defendants"). On July 24, 2024, the Court held an evidentiary hearing on the Motion for Default Judgment.

Upon review of the Motion and supporting documentation, and for the reasons stated on the record during the hearing, the Court finds that the Motion should be **GRANTED IN PART**, and that Plaintiff is entitled to a reasonable royalty to compensate for past infringement. Plaintiff's requests for a permanent injunction, enhanced damages, and pre-judgment interest are

**DENIED**.  Plaintiff's claims against all Defendants other than the Defaulting Defendants are **DISMISSED WITH PREJUDICE.**

Federal Rule of Civil Procedure 55 provides for entry of a default and default judgment when a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend.  Fed. R. Civ. P 55(a).  "Default judgment is proper only if the well-pleaded factual allegations in the . . . Complaint establish a valid cause of action." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381 (W.D. Tex. 2008); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment.").  After the clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F. 2d 1011, 1014 (5th Cir. 1987).

In considering a motion for default judgment, the Court will consider (1) whether the entry of default judgment is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Here, the Court has considered the factors set forth in *Lindsey* and concludes that entry of default judgment is procedurally warranted, and that the Defaulting Defendants have been properly served but have not appeared.

In addition, the Court has evaluated the allegations in the First Amended Complaint and determines that a substantive basis for judgment exists.  Plaintiff is the named inventor on five asserted patents: two utility patents[1] and two design patents.[2]  Specifically, Plaintiff alleges that

---

[1] Specifically, U.S. Patent Nos. 10,308,005 ("'005 patent") and 10,967,625 ("'625 patent"). Plaintiff no longer seeks recovery as to U.S. Patent 10,675,852 ("'852 patent").  *See* ECF No. 122 at 5.
[2] Specifically, U.S. Patent Nos. D867,838 ("'838 patent"), and D867,839 ("'839 patent").

the Defaulting Defendants have infringed claims 1, 9–11 of the '005 patent, claim 1 of the '625 patent, claim 1 of the '838 patent, and claim 1 of the '839 patent (collectively, the "asserted claims").  The Court has reviewed the First Amended Complaint and the evidence presented by Plaintiff, including Plaintiff's testimony at the hearing, and concludes that Plaintiff has established direct infringement of the asserted claims by the Defaulting Defendants through sales of products associated with the following ASINs,[3] the "accused ASINs":

| B09TQMRHQ7 | B08LPR3JKS | B07X632YLD | B07DTB2CBR |
| B09TQMC8L5 | B08LBL4JMG | B07V42WKQZ | B07CWB7YFX |
| B09S9N7SF9 | B08FTBZG36 | B07T7DJ1FV | B07CNF6FB1 |
| B09LD4W3RH | B08FSJSLFG | B07T65M5S5 | B07C2TCZHH |
| B09KR9BDBH | B08D67VZYC | B07QR976Z9 | B07BXFSC87 |
| B093H1LCTH | B08BC8RJHW | B07PXHLNQ4 | B07BK1TMH4 |
| B091KZPD17 | B08B37BVLC | B07PWC7VK3 | B077GNC8FT |
| B0912H7RB2 | B08B34P513 | B07PVHGTPP | B076M1F81T |
| B08XXZL83D | B088NTNLT1 | B07P6G7356 | |
| B08XBG4Z46 | B085RQKWNF | B07KCRGZBN | |
| B09TQMRHQ7 | B0827VWDS9 | B07HQ5NXC9 | |
| B08V5MNQR7 | B08LPR3JKS | B07X632YLD | |

*See* ECF No. 122-5.

The Court proceeds to Plaintiff's requested relief.  Damages for patent infringement are governed by 35 U.S.C. § 284, which provides, in pertinent part, that "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer."  35 U.S.C. § 284.  The patentee bears the burden of proving damages. *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1372, 1381 (Fed. Cir. 2003).  "A reasonable royalty is the amount that 'a person, desiring to manufacture [, use, or] sell a patented article, as a business proposition, would be willing to pay as a royalty and yet be able to make [, use, or] sell the patented article, in the market, at a

---

[3] An "ASIN" is a unique identifier specific to the Amazon.com platform; each product sold on Amazon has a unique ASIN assigned to it.  ECF No. 34 ("FAC") ¶ 42.

reasonable profit.'" *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1361 (Fed. Cir. 2006) (alterations in original) (quoting *Trans–World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1568 (Fed. Cir. 1984)).

The Court determines that a reasonable royalty is the appropriate measure of damages in this case.[4] Plaintiff requests that the Court enter a reasonable royalty similar to license agreements previously entered into between Plaintiff and other accused infringers of the asserted claims. Plaintiffs provide a representative license agreement that states, "As long as Defendant wishes to sell application tools identified by [ASIN], or functional and design equivalents thereof, the Defendant shall pay the Plaintiff a royalty rate of $1,000 per month or 3% of gross proceeds per month, whichever is higher. This agreement shall terminate upon Defendant ceasing payments." ECF No. 122-4 at 2. During the hearing, Plaintiff testified that royalty rates between 3% and 5% of gross proceeds are typical for license agreements in this industry and market.

The Court notes that although Plaintiff requests a royalty to be calculated on a per month basis, Plaintiff has only provided data for the Defaulting Defendants' gross proceeds on a quarterly basis, and incomplete data at that.[5] Thus, because Plaintiff has not provided data from which the requested royalty can be calculated on a monthly basis, the Court will amend Plaintiff's request to reflect royalties to be paid on a quarterly basis. In addition, contrary to Plaintiffs' request, royalties for past infringement shall be paid only for the quarters in which

---

[4] In her Motion for Default Judgment, Plaintiff sought to recover lost profits. ECF No. 122. During the hearing, the Court determined that an award of lost profits was not appropriate as a matter of law, after evaluating the factors set forth in *Panduit*. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)).

[5] Plaintiff has provided evidence of gross proceeds for Q3 of 2020 through Q4 of 2023. ECF No. 122-2. As the Court noted during the hearing, the data provided by Plaintiff in Ex. B, Infringer Quarterly Gross Profit, does not provide data for *every* quarter, and instead omits certain quarters for seemingly no reason. *See* ECF No. 122-2.

4

Plaintiff has provided evidence of a royalty base, *i.e.*, evidence of gross proceeds by a particular Defendant.[6]

For the foregoing reasons, the Court grants Plaintiff's request for a reasonable royalty as follows.  As long as a Defaulting Defendant wishes to sell products identified by the accused ASINs, the Defendant shall pay Plaintiff a royalty rate of $1,000 per quarter or 5% of gross proceeds per quarter, whichever is higher.  There is no obligation for any Defaulting Defendant to pay a royalty for any month in which it makes no infringing sales under the accused ASINs.

Based on this royalty rate, the Court calculates Plaintiff's damages for infringement through the date of Plaintiff's Motion for Default Judgment as follows:

| Defaulting Defendant | Total Damages |
| --- | --- |
| alyer | $2,000.00 |
| annbay ltd | $1,000.00 |
| aoshang | $8,710.98 |
| audab store | $7,000.98 |
| barney/skd-us | $1,000.00 |
| beautychen | $1,000.00 |
| deskoti | $7,134.93 |
| enzo-missdeer-us | $1,000.00 |
| gao yongxue-yongusuus | $1,000.00 |
| gu bingding-eyxformula | $2,000.00 |
| honoson | $5,515.50 |
| jackshen-mooerca us | $1,000.00 |
| jinhua cao-ztl fashion | $1,000.00 |
| lisihua-jiasheng direct | $1,000.00 |
| magic c-moibase gel polish | $1,000.00 |
| njqianrou-nanjingqianroubuliaoyouxiangongsi | $1,000.00 |

---

[6] In her proposed form of judgment, Plaintiff appears to have calculated the royalty amount per month regardless of whether there is evidence that the particular Defaulting Defendant in question made any sales under the accused ASINs.  For example, Plaintiff's evidence indicates that Defaulting Defendant "annbay ltd" made $91.40 in gross proceeds based on infringing sales in Q3 of 2020, but did not make any other sales.  ECF No. 122-2 at 2.  Despite this, Plaintiff calculates the royalty amount for annbay ltd. to be $47,000, seemingly based on a $1,000 per month royalty for every month from Q3 of 2020 through Q4 of 2023.  When compared to the relatively minimal infringement alleged, such a disproportionate royalty is clearly not reasonable, and far exceeds what is necessary to compensate for the infringement.  *See Applied Med. Res. Corp.*, 435 F.3d at 1361 ("[R]easonable royalty damages are not calculated in a vacuum without consideration of the infringement being redressed.").  Plaintiff is not entitled to a royalty when there is no infringement.

| | |
|---|---|
| qiaocrystal-shiny crystal | $1,000.00 |
| subay-subay direct | $21,313.02 |
| tangsanyuan ba[7] | - |
| tatuo us | $6,599.60 |
| tianping liu-biutee store | $1,000.00 |
| tianshui wang-over the hills | $1,000.00 |
| xin huang-angnya nails | $5,000.00 |
| xinqitong | $2,000.00 |
| xiulin dai-yokilly beauty | $7,269.79 |
| xushujun-kang yue trading | $1,000.00 |
| yao angela-honey joy beauty & health | $4,021.50 |
| zhang zhaoqin-juanzhizong | $1,000.00 |
| zhouyanghao | $2,000.00 |
| zhujunjie-hzsbass store | $1,000.00 |

*See* Exhibit A.[8]

For the reasons stated on the record, Plaintiff's request for enhanced damages based on willful infringement is denied. In addition, Plaintiff's request for pre-judgment interest is denied. "[I]t may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). Here, the Court notes that Plaintiff's prosecution of this lawsuit was somewhat dilatory in nature, in that on occasion, she failed to effectuate and establish service of Defendants, or seek entry of default and default judgment, until prompted by the Court.[9] *E.g.*, ECF Nos. 29, 91.

Finally, in addition to monetary damages from the Defaulting Defendants, Plaintiff sought a permanent injunction against numerous other Defendants for whom there is insufficient

---

[7] Defaulting Defendant "tangsanyuan ba" is not listed on Plaintiff's Ex. B, Infringer Quarterly Gross Profit, and Plaintiff provides no other evidence of gross proceeds of this Defendant. Accordingly, Plaintiff has not established her entitlement to any royalty from this Defendant.

[8] To calculate Plaintiff's royalties, the Court used the gross proceed figures provided by Plaintiff in support of her Motion for Default Judgment. *See* ECF No. 122 ("Ex. B, Infringer Quarterly Gross Profit"). The Court notes that Plaintiff only provided evidence of gross proceeds through Q4 of December 2023.

[9] Much of the delay in this case stemmed from Plaintiff's decision to name over two-hundred Defendants in this lawsuit, which resulted in significant administrative inefficiencies and complications regarding service and proof of service, but has only sought default judgment as to these particular thirty Defaulting Defendants.

6

or no evidence of gross sales of infringing products.  During the hearing, the Court denied Plaintiff's request for a permanent injunction.  Accordingly, since Plaintiff is now only seeking relief from the Defaulting Defendants, all Defendants except for the Defaulting Defendants are hereby **DISMISSED WITH PREJUDICE**.

The Court will enter a separate final judgment consistent with this Order.

**SO ORDERED**.

August 2, 2024.

*(signature)*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Defaulting Defendant | 2020 Q3 Gross Profits | 2020 Q3 Royalty | 2021 Q1 Gross Profits | 2021 Q1 Royalty | 2021 Q3 Gross Profits | 2021 Q3 Royalty | 2021 Q4 Gross Profits | 2021 Q4 Royalty | 2022 Q1 Gross Profits | 2022 Q1 Royalty | 2022 Q2 Gross Profits |
|---|---|---|---|---|---|---|---|---|---|---|---|
| alyer | | | 3208.41 | 1000.00 | 45.54 | 1000.00 | | | | | |
| annbay ltd | 91.40 | 1000.00 | | | | | | | | | |
| aoshang | | | 29547.00 | 1477.35 | 13402.65 | 1000.00 | 13584.50 | 1000.00 | 40703.43 | 2035.17 | 23969.16 |
| audab store | | | 20019.69 | 1000.98 | 7832.97 | 1000.00 | 6353.79 | 1000.00 | 14769.63 | 1000.00 | 14769.63 |
| barney/skd-us | | | | | | | 2403.66 | 1000.00 | | | |
| beautychen | | | | | | | | | | | |
| deskoti | | | | | 29051.61 | 1452.58 | 69816.66 | 3490.83 | | | |
| enzo-missdeer-us | | | | | | | 1748.25 | 1000.00 | | | |
| gao yongxue-yongusuus | | | | | | | 719.10 | 1000.00 | | | |
| gu bingding-eyxformula | | | | | | | 9427.55 | 1000.00 | 13606.38 | 1000.00 | |
| honoson | 5031.00 | 2515.50 | 4611.87 | 1000.00 | 2912.76 | 1000.00 | 1156.46 | 1000.00 | | | |
| jackshen-mooerca us | | | | | | | 5958.48 | 1000.00 | | | |
| jinhua cao-ztl fashion | 23.98 | 1000.00 | | | | | | | | | |
| lisihua-jiasheng direct | | | | | | | 1949.75 | 1000.00 | | | |
| magic c-moibase gel polish | | | | | | | 718.20 | 1000.00 | | | |
| njqianrou-nanjingqianroubuliaoyouxian gongsi | | | | | | | 3533.45 | 1000.00 | | | |
| qiaocrystal-shiny crystal | | | | | | | 5345.31 | 1000.00 | | | |
| subay-subay direct | | | 99753.57 | 4987.68 | 87045.00 | 4352.25 | 166846.53 | 8342.33 | | | |
| tangsanyuan ba | | | | | | | | | | | |
| tatuo us | | | | | 46746.00 | 2337.30 | 85246.02 | 4262.30 | | | |
| tianping liu-biutee store | | | | | | | 808.65 | 1000.00 | | | |
| tianshui wang-over the hills | | | | | | | | | | | |
| xin huang-angnya nails | | | | | | | 566.37 | 1000.00 | 1618.20 | 1000.00 | 943.95 |
| xinqitong | | | | | 2471.25 | 1000.00 | 1245.51 | 1000.00 | | | |
| xiulin dai-yokilly beauty | | | | | | | 15376.76 | 1000.00 | 32903.40 | 1645.17 | 22600.86 |
| xushujun-kang yue trading0 | | | | | | | 8150.18 | 1000.00 | | | |
| yao angela-honey joy beauty & health | 20430.00 | 1021.50 | 719.10 | 1000.00 | 209.70 | 1000.00 | | | | | |
| zhang zhaoqin-juanzhizong | | | 8765.46 | 1000.00 | | | | | | | |
| zhouyanghao | | | | | 642.06 | 1000.00 | 1115.00 | 1000.00 | | | |
| zhujunjie-hzsbass store | | | | | | | | | | | |

| Defaulting Defendant | 2022 Q2 Royalty | 2022 Q4 Gross Profits | 2022 Q4 Royalty | 2023 Q1 Gross Profits | 2023 Q1 Royalty | 2023 Q2 Gross Profits | 2023 Q2 Royalty | 2023 Q4 Gross Profits | 2023 Q4 Royalty | Total Royalties |
|---|---|---|---|---|---|---|---|---|---|---|
| alyer | | | | | | | | | | $ 2,000.00 |
| annbay ltd | | | | | | | | | | $ 1,000.00 |
| aoshang | 1198.46 | 7915.05 | 1000.00 | 13473.00 | 1000.00 | | | | | $ 8,710.98 |
| audab store | 1000.00 | 17630.74 | 1000.00 | 14108.87 | 1000.00 | | | | | $ 7,000.98 |
| barney/skd-us | | | | | | | | | | $ 1,000.00 |
| beautychen | | 239.76 | 1000.00 | | | | | | | $ 1,000.00 |
| deskoti | | 2085.39 | 1000.00 | | | | | 23830.41 | 1191.52 | $ 7,134.93 |
| enzo-missdeer-us | | | | | | | | | | $ 1,000.00 |
| gao yongxue-yongusuus | | | | | | | | | | $ 1,000.00 |
| gu bingding-eyxformula | | | | | | | | | | $ 2,000.00 |
| honoson | | | | | | | | | | $ 5,515.50 |
| jackshen-mooerca us | | | | | | | | | | $ 1,000.00 |
| jinhua cao-ztl fashion | | | | | | | | | | $ 1,000.00 |
| lisihua-jiasheng direct | | | | | | | | | | $ 1,000.00 |
| magic c-moibase gel polish | | | | | | | | | | $ 1,000.00 |
| njqianrou-nanjingqianroubuliaoyouxian gongsi | | | | | | | | | | $ 1,000.00 |
| qiaocrystal-shiny crystal | | | | | | | | | | $ 1,000.00 |
| subay-subay direct | | 50970.48 | 2548.52 | 21644.91 | 1082.25 | | | | | $ 21,313.02 |
| tangsanyuan ba | | | | | | | | | | $ - |
| tatuo us | | | | | | | | | | $ 6,599.60 |
| tianping liu-biutee store | | | | | | | | | | $ 1,000.00 |
| tianshui wang-over the hills | | 5489.64 | 1000.00 | | | | | | | $ 1,000.00 |
| xin huang-angnya nails | 1000.00 | 2923.03 | 1000.00 | 4954.64 | 1000.00 | | | | | $ 5,000.00 |
| xinqitong | | | | | | | | | | $ 2,000.00 |
| xiulin dai-yokilly beauty | 1130.04 | 28183.68 | 1409.18 | 41707.80 | 2085.39 | | | | | $ 7,269.79 |
| xushujun-kang yue trading0 | | | | | | | | | | $ 1,000.00 |
| yao angela-honey joy beauty & health | | 800.10 | 1000.00 | | | | | | | $ 4,021.50 |
| zhang zhaoqin-juanzhizong | | | | | | | | | | $ 1,000.00 |
| zhouyanghao | | | | | | | | | | $ 2,000.00 |
| zhujunjie-hzsbass store | | 19193.25 | 1000.00 | | | | | | | $ 1,000.00 |